**In re John L. NEWLON and A. Lynne Rothstein, Debtors.**

**Bankruptcy No. 92–13122–CJK.**

United States Bankruptcy Court, D. Massachusetts.

June 2, 1992.

Jeffrey A. Schreiber, Schreiber & Associates, Danvers, MA, for Ford Motor Credit Co.

Henry J. Boroff, trustee.

Herbert V. Laibach, Waltham, MA, for debtor.

## MEMORANDUM OF DECISION ON MOTION OF FORD MOTOR CREDIT COMPANY FOR RELIEF FROM THE AUTOMATIC STAY

CAROL J. KENNER, Bankruptcy Judge.

Ford Motor Credit Company ("Ford") has moved for relief from the automatic stay in order to repossess and liquidate its collateral, a motor vehicle belonging to Debtor A. Lynne Rothstein. The Chapter 7 Trustee has not objected to the Motion, but the Debtor has objected to it on two grounds: (1) there is equity in the property for the Debtor; and (2) Ford is adequately protected because the Debtor has made arrangements to make the necessary payments to Ford. The Debtor, however, has not specified the amount of the debt to Ford, the value of the collateral, the nature of the "arrangements" she has made, or the amount of the payments she deems to be necessary.

Where the Chapter 7 Trustee does not object, the arguments advanced by the Debtor have no merit in a Chapter 7 proceeding, the primary purpose of which is to liquidate the Debtors' assets in order to satisfy the Debtors' creditors. Ford is entitled to liquidation of its claim against the Debtor. Unless there are sufficient assets in the Debtors' joint estate to satisfy all creditors in full without liquidating the property that is the subject of this motion, which the Debtor does not allege, this property will have to be liquidated. So the question is not whether the property should be liquidated, but who should liquidate it. On this issue, where the property appears to be substantially, if not completely, encumbered, the Court will not disturb the Trustee's judgment that the secured creditor should be permitted to liquidate.

The Debtor is free to negotiate a reaffirmation agreement with Ford, but the Court can not compel Ford to enter such an agreement if it chooses to reject the Debtor's offers. Also, the Debtor can redeem the collateral if she can satisfy the requirements set forth in 11 U.S.C. § 722. However, the Debtor has not alleged that the parties have entered into a reaffirmation agreement; nor has she moved to redeem the collateral.

Therefore, Ford's motion should be allowed. A separate order will enter accordingly.